## JOHN GRAHAM ET UX *v.* BRITTON DANIEL ET UX.

**Assault and Battery—Instructions.**

In an action for assault and battery, an instruction, "if the jury believe from the evidence that, at the time the blow was struck by defendant, she believed and had reasonable ground to believe that it was necessary to protect herself from bodily harm, she had a right to use such force as was necessary to protect herself" was held, erroneous.

**Same—Excuse on Ground of Self Defense.**

To excuse the defendant on the ground of self defense, the matter constituting same, should be stated in the answer, that the plaintiff's may have notice of the defense relied on.

**Evidence, in Mitigation of Damages.**

Evidence conducing to show immediate provocation or attempted violence on the part of a plaintiff, in an action for damages for assault and battery, is competent as part of the res gestae, and in mitigation of damages, but not as a dismissal of the suit.

APPEAL FROM MADISON CIRCUIT COURT.

June 16, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellants, John R. Graham and Nancy I. Graham his wife, brought this action against Britton Daniel and his wife for an alleged assault and battery committed on Mrs. Graham by Mrs. Daniel.

The defendants, in their answer, denied the commission of the trespasses alleged in the petition, and a trial of the issue resulted

in a verdict and judgment for the defendants, and the court having refused to grant the plaintiffs a new trial they have appealed to this court.

The material facts disclosed on the trial are, that the female parties; who for some cause were unfriendly, met at the house of one of their neighbors, Mrs. Graham carrying a pistol, professedly for the purpose of self defense, when an altercation occurred between them, and Mrs. Daniel struck Mrs. Graham on the head with the handle of an iron shovel, inflicting a severe wound.

At the instance of the defendants the court gave the jury the following instruction:

> "If the jury believe from the evidence that at the time the blow was struck by defendant, Massie Daniel, upon Mrs. Graham, the defendant believed and had reasonable ground to believe that it was neecssary to protect herself from bodily harm she had a right to use such force as was necessary to protect herself against such assault."

Whether the court erred in giving this instruction, which was excepted to at the time, is the only question presented for our determination.

Whether the evidence might have authorized the instruction or not, if facts sufficient to justify or excuse the battery, on the ground of self defense, had been alleged in the answer, we regard the instruction as misleading and unauthorized under the issue in this case.

To excuse the defendants on the ground of self-defense, the matter constituting such defense should have been stated in the answer, as the plaintiffs were entitled to be notified by the answer of the defense relied on. (*Civil Code, section 125. Denton vs. Logan, 3· Metcalf, 434; Stater vs. Sherman, recently decided.*).

The evidence conducing to show immediate provocation or attempted violence on the part of Mrs. Graham, was no doubt, competent as part of the *res gestae*, and in mitigation of damages, but it did not entitle the defendants to a verdict in their favor under the issue tendered by their answer.

Wherefore the judgment is reversed and the case remanded for

a new trial, and for further proceedings not inconsistent with this opinion.

*Turner, for appellants.*

*Burnam & Caperton, for appellees.*